UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT C. PASLEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2341 |
| | § | |
| CENTERPOINT ENERGY HOUSTON | § | |
| ELECTRIC, L.L.C., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Consolidate Cases ("Motion") (Doc. No. 10). After considering the Motion, all responses thereto, and the applicable law, the Court finds that Defendant's Motion should be granted.

### I.   BACKGROUND

Plaintiff was an employee of Defendant who was terminated on May 7, 2007. (Compl., Doc. No. 1, ¶ 5.1.) He subsequently filed a charge of discrimination with the EEOC and also filed a union grievance. (*Id.*) In order to settle the claims pending before the EEOC, Plaintiff asserts that the parties attended mediation and entered into a Settlement Agreement. (Mediation Settlement, Doc. No. 1-1.)

On September 27, 2011, Plaintiff filed the present action, Civil Action No. H-11-2341. The Complaint alleges that Defendant breached the Settlement Agreement by speaking negatively about Plaintiff to prospective employers who contacted Defendant for a reference. (Compl. ¶¶ 5.3–5.5.) He alleges, in the alternative, that Defendant was unjustly enriched by Plaintiff's agreements to waive his right to apply for reinstatement and withdraw his pending EEOC and union charges against Defendant. (*Id.* ¶ 6.4.)

1

Plaintiff requests payment in the amount of $140,000.00.[1] (*Id.*) Plaintiff also brings a claim for fraud against Defendant, stating that Defendant made false representations of material fact to induce Plaintiff to enter into the Settlement Agreement. (*Id.* ¶ 7.2.)

On November 11, 2011, Plaintiff filed a case in Texas state court in Harris County, containing almost identical facts and the same claims.[2] (Plaintiff's Original Petition and Requests for Disclosures, *Robert C. Pasley, Jr. v. CenterPoint Energy Houston Electric, LLC*, H-11-4376 (S.D. Tex.), Doc. No. 1-2 ("Original Petition").) Defendant removed this case to the Southern District of Texas, and it was docketed as Civil Action No. H-11-4376.

Defendant has filed motions to dismiss in both cases, arguing that Plaintiff's claims are barred by res judicata. Plaintiff previously filed suit against Defendant, and the claims were dismissed for want of prosecution. *See Robert Pasley v. CenterPoint Energy Houston Electric, L.L.C.*, H-09-1708 (S.D. Tex.).

II.   **LEGAL STANDARD**

The Federal Rules provide that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). In evaluating whether consolidation is proper, courts in this circuit have considered whether: (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law or

---

[1] Plaintiff says that he is seeking payment from Defendant "in the current principle [sic] amount of $140,000.00." (Compl. ¶ 6.4.) The Settlement Agreement attached to the Complaint provides that Defendant must pay Plaintiff a lump sum of $140,000, but the Complaint does not allege that Defendant breached that obligation. (Mediation Settlement, Doc. No. 1-1, ¶ 7(A).)

[2] Although Plaintiff does not explicitly include the word "breach of contract" in his state complaint, he states that he performed his obligations to Defendant pursuant to the parties' agreement and relied on Defendant's promise. (Original Petition ¶¶ 6.1, 7.1.) Plaintiff also brings claims of unjust enrichment and fraud. (*Id.* ¶¶ 8.1, 9.1.)

2

fact; (4) there is risk of prejudice or confusion if the cases are consolidated, and, if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are handled separately; (5) consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately; and (6) the cases are at different stages of preparation. *See Rizzo v. Wyeth, Inc.*, H-03-00425, 2010 WL 2605360, at *1 (S.D. Tex. June 28, 2010) (citing *In re Enron Corp. Sec, Derivative & "ERISA" Litig.*, Nos. H-01-3624, H-04-0088, H-04-0087, H-03-5528, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007)). A district court has broad discretion in determining whether consolidation is appropriate. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989).

### III. ANALYSIS

Each of the six factors outlined above counsels in favor of granting Defendant's Motion. Both actions are pending in the Southern District of Texas, and the parties are identical. As noted above, the complaints contain the same facts and claims, and thus there are common questions of law and fact between the two cases. Because the two cases involve the same facts, claims, and parties, the Court cannot identify any risk of prejudice or confusion if the cases are not consolidated, and Plaintiff's Response provides the Court with none. Additionally, the cases are in the same stage of litigation, as they were filed within months of one another and both have motions to dismiss pending. Consolidation will conserve judicial resources and reduce the time of handling the cases separately, as one court can familiarize itself with the facts and rule on any motions, including the pending motions to dismiss.

Plaintiff asserts that consolidation is improper because it has filed a motion to remand in the removed case. However, Plaintiff provides no reason why this Court cannot decide the pending motion to remand upon consolidation. Although Plaintiff's complaints contain the same facts and claims, Plaintiff has asserted that this case raises a federal question (Compl. ¶ 3.1) but that the removed case does not (Mot. to Remand ¶ 7, H-11-4376, Doc. No. 6.) The Court finds that deciding the pending motion to remand after consolidation will better serve the interests of judicial economy and protect against inconsistent adjudications.

IV.   **CONCLUSION**

For the reasons discussed in this order, Defendant's Motion to Consolidate is **GRANTED**. Civil Action Nos. H-11-2341 and H-11-4376 should be consolidated, and all future filings should be docketed under Civil Action No. H-11-2341.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas, on this the 1st day of February, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE