UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT C. PASLEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2341 |
| | § | CIVIL ACTION NO. H-11-4376 |
| CENTERPOINT ENERGY HOUSTON | § | |
| ELECTRIC, L.L.C., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant's Motions to Dismiss (Doc. No. 6, 11-cv-2341 and Doc. No. 3, 11-cv-4376), Plaintiff's Motions to Remand (Doc. No. 13, 11-cv-2341 and Doc. No. 6, 11-cv-4376), and Plaintiff's Motion for Voluntary Dismissal (Doc. No. 15, 11-cv-2341). After considering the motions, all responses thereto, and the applicable law, the Court finds that Plaintiff's Motions to Remand must be denied, Plaintiff's Motion for Voluntary Dismissal must be denied, and Defendant's Motions to Dismiss must be granted.

### I. BACKGROUND

Plaintiff was an employee of Defendant who was terminated on May 7, 2007. (Compl., Doc. No. 1, 11-cv-2341, ¶ 5.1.) He subsequently filed a charge of discrimination with the EEOC and also filed a union grievance. (*Id.*) In order to settle the claims pending before the EEOC, Plaintiff asserts that the parties attended mediation and entered into a Settlement Agreement. (Mediation Settlement, Doc. No. 1-1.)

On September 27, 2011, Plaintiff filed Civil Action No. H-11-2341 in the Southern District of Texas. The Complaint alleges that Defendant breached the

1

Settlement Agreement by speaking negatively about Plaintiff to prospective employers who contacted Defendant for a reference. (Compl. ¶¶ 5.3–5.5.) He alleges, in the alternative, that Defendant was unjustly enriched by Plaintiff's agreements to waive his right to apply for reinstatement and withdraw his pending EEOC and union charges against Defendant. (*Id.* ¶ 6.4.) Plaintiff requests payment in the amount of $140,000.00.[1] (*Id.*) Plaintiff also brings a claim for fraud against Defendant, stating that Defendant made false representations of material fact to induce Plaintiff to enter into the Settlement Agreement. (*Id.* ¶ 7.2.)

On November 11, 2011, Plaintiff filed a case in Texas state court in Harris County, containing almost identical facts and the same claims.[2] (Plaintiff's Original Petition and Requests for Disclosures, Doc. No. 1-2, 11-cv-4376.) Defendant removed this case to the Southern District of Texas. The Court consolidated the two cases under 11-cv-2341 (Doc. No. 12, 11-cv-2341.)

Plaintiff has filed motions to remand in both cases. Defendant has filed motions to dismiss in both cases, arguing that Plaintiff's claims are barred by res judicata. Plaintiff previously filed suit against Defendant, and the claims were dismissed for want of prosecution. *See Robert Pasley v. CenterPoint Energy Houston Electric, L.L.C.*, 09-cv-1708 (S.D. Tex.). Additionally, Plaintiff has filed a motion for voluntary dismissal of 11-cv-2341.

---

[1] Plaintiff says that he is seeking payment from Defendant "in the current principle [sic] amount of $140,000.00." (Compl. ¶ 6.4.) The Settlement Agreement attached to the Complaint provides that Defendant must pay Plaintiff a lump sum of $140,000, but the Complaint does not allege that Defendant breached that obligation. (Mediation Settlement, Doc. No. 1-1, ¶ 7(A).)

[2] Although Plaintiff does not explicitly include the word "breach of contract" in his state complaint, he states that he performed his obligations to Defendant pursuant to the parties' agreement and relied on Defendant's promise. (Original Petition ¶¶ 6.1, 7.1.) Plaintiff also brings claims of unjust enrichment and fraud. (*Id.* ¶¶ 8.1, 9.1.)

2

## II. MOTIONS TO REMAND

In both motions to remand, Plaintiff contends that remand is appropriate because the lawsuit does not involve a federal question. As noted by Defendant, however, the Fifth Circuit has held that "federal jurisdiction to enforce conciliation agreements exists directly under Title VII by means of 42 U.S.C. § 2000e-5(f)(3)." *E.E.O.C. v. Safeway Stores, Inc.*, 714 F.2d 567, 573 (5th Cir. 1983). The Fifth Circuit found that "it would be antithetical to Congress' strong commitment to the conciliatory process if there were no federal forum in which the EEOC could enforce such agreements." *Id.* at 572. "[T]he usefulness of conciliation agreements as vehicles for voluntary resolution of employment discrimination charges would be significantly reduced if the agreements were not enforceable in the forum which is most familiar with Title VII litigation." *Id.* at 573 (internal quotations omitted).

Plaintiff argues that *Safeway* is inapplicable because Plaintiff, and not the EEOC, is seeking to enforce the agreement. However, this distinction is without merit. Courts have held that "[a]ll of the reasons that support Title VII jurisdiction over such actions when brought by the EEOC apply with equal force to actions brought by the aggrieved employees to enforce conciliation agreements entered into by the EEOC, their employer and themselves." *Eatmon v. Bristol Steel & Iron Works, Inc.*, 769 F.2d 1503, 1510 (11th Cir. 1985); *see also Ruedlinger v. Jarrett*, 106 F.3d 212, 215 (7th Cir. 1997); *Hollis v. Johnston-Tombigbee Furniture Mfg. Co*, No. Civ. A. 193cv346DD, 1994 WL 1890941, at *3 (N.D. Miss. Dec. 21, 1994); *Kiper v. La. State Bd. of Elementary and Secondary Educ.*, 592 F. Supp. 1343, 1359 (M.D. La. 1984).

Plaintiff argues that he "never reached the point in his claims against Defendant . . . that he satisfied the conditions precedent or the statutory requirements to an action under Title VII." (Mot. Remand, Doc. No. 13, 11-cv-2341, ¶ 10.) However, it is clear that the EEOC was involved in the settlement obtained, as it signed the agreement. (Mediation Settlement at 2.) The parties entered into the agreement "in settlement of [EEOC] Charge Number 460-2007-03763C," and agreed that the EEOC "is authorized to investigate compliance with this agreement." (*Id.* ¶¶ 1, 6.) Accordingly, the Court is satisfied that this agreement was created as a part of the conciliatory process of Title VII referenced in *Safeway*.

Plaintiff also adds that "given that Plaintiff has to his detriment relied upon the contract executed with Defendants and failed to exhaust his administrative remedies,[3] any and all lawsuits that he may file in District Court would be dismissed for 'failure to exhaust administrative remedies.'" (Mot. Remand ¶ 10 (citing *Hollis*, 1994 WL 1890941, at *3).) The Court notes that circuit courts have split over whether administrative remedies must be exhausted before a party may enforce a conciliation agreement, and the Fifth Circuit has not addressed the issue. *Compare Cisneros v. ABC Rail Corp.*, 217 F.3d 1299, 1305–06 (10th Cir. 2000); *Eatmon*, 769 F.2d at 1508, 1510 n.8 *with Blank v. Donovan,* 780 F.2d 808, 809–10 (9th Cir. 1986); *Parsons v. Yellow Freight Sys., Inc.,* 741 F.2d 871, 874 (6th Cir. 1984).[4] The Court need not resolve this

---

[3] It appears that Plaintiff is referring to the exhaustion of his administrative remedies about the underlying discriminatory practice. However, the potential exhaustion requirement at issue in actions to enforce a conciliation agreement refers to the failure to file a charge regarding the breach of the conciliation agreements. *See Eatmon*, 769 F.2d at 1510 n.8. For this reason, his argument about a right to sue letter is unavailing; Plaintiff provides no reason why he would need a right to sue letter from the EEOC in order to pursue his claims relating to the conciliation agreement.

[4] Both *Blank* and *Parsons* involved a subsequent action of discrimination from the employer. In fact, the Ninth Circuit's holding was premised on the fact that "[t]he district court specifically characterized the

dispute at this time, however, as Plaintiff does not appear to argue that his failure to exhaust administrative remedies deprives the Court of subject matter jurisdiction such that it should remand the case to state court.  Rather, Plaintiff argues only that his claims could be dismissed if he was required to proceed in federal court.  However, Texas state courts also apply these requirements to actions to enforce conciliation agreements, and at least one court has dismissed a case for failure to exhaust.  *See Port Arthur Independent School Dist. v. Mathews*, 245 S.W.3d 635, 638–41 (Tex. App.—Beaumont 2008, pet. denied).  The Court fails to see how this argument requires remand of Plaintiff's claims.

Accordingly, as the Court has jurisdiction pursuant to Title VII and supplemental jurisdiction of the additional claims pursuant to 28 U.S.C. § 1367(a), the Court must deny Plaintiff's Motions to Remand.

### III.    PLAINTIFF'S MOTION TO DISMISS

Plaintiff filed a Motion for Voluntary Dismissal, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  The Court notes two major problems with Plaintiff's Motion.  First, Plaintiff's proposed order is conditioned on allowing the Plaintiff to pursue his claims in state court within the next 90 days, and allows Plaintiff to "accept the terms or withdraw his motion" for 30 days after the order is entered.  This appears to be another attempt by Plaintiff to urge that his claims belong in state court, an argument that the Court did not find meritorious in considering Plaintiff's Motions to Remand.  Second, Plaintiff represented that Defendant was unopposed to this motion, when, in reality, Defendant's counsel told Plaintiff's counsel that because it had not answered or filed a motion for summary judgment, Plaintiff did not need his approval for a notice of

---

action as a discrimination suit to be initiated pursuant to Title VII, thereby rejecting Blank's characterization of this action as a breach of contract." *Blank*, 780 F.2d at 809.

dismissal under Rule 41(a). (Email, Doc. No. 17-2, 11-cv-2341.) Despite receiving both Defendant's email and a copy of Defendant's Response to Plaintiff's Motion, Plaintiff has not attempted to correct his motion or file a proper notice of dismissal under Rule 41(a). Accordingly, the Court must deny Plaintiff's Motion for Voluntary Dismissal.

### IV.     DEFENDANT'S MOTIONS TO DISMISS

Defendant argues that Plaintiff's claims are barred by res judicata. On September 23, 2009, Judge Gilmore dismissed a lawsuit filed by Plaintiff against Defendant for want of prosecution. (Doc. No. 14, 09-cv-1708.) This dismissal was with prejudice because the order did not indicate otherwise. *See Edwards v. City of Houston*, 78 F.3d 983, 994 (5th Cir. 1996) ("[A] dismissal for failure to prosecute, unless otherwise stated in the order of dismissal, is a complete adjudication on the merits, and thus with prejudice.") Plaintiff's current counsel entered an appearance the day after Judge Gilmore's order was entered, but did not move to reconsider or otherwise acknowledge the Court's dismissal order. (Doc. No. 15, 09-cv-1708.) The Court did not rule on this designation or reconsider its dismissal.

Res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied,* 547 U.S. 1055 (2006) (citation omitted). Claim preclusion requires that: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Duffie v. U.S.*, 600 F.3d 362, 372 (5th Cir. 2010).

Each element is met here. The parties are identical; the judgment was rendered by a court of competent jurisdiction; there was a dismissal with prejudice that constituted a final judgment on the merits; and the complaint in the dismissed case raised the same claims as the two actions consolidated in this Court, alleging breach of contract, unjust enrichment, and fraud relating to the settlement agreement.

Plaintiff does not contest that each of the four elements is met here, but rather urges that the fourth element "is inapplicable because there are additional claims that were not raised in the Plaintiffs [sic] Original Petition." (Resp., Doc. No. 8, 11-cv-4376, ¶ 7.) Plaintiff requests leave to amend, but does not provide any indication of what claims he wishes to add. Furthermore, "[w]hen all four elements are present, claim preclusion prohibits a litigant from asserting any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action." *Duffie*, 600 F.3d at 372 (citation omitted); *see also U.S. v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) ("The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim."). Without any indication from Plaintiff that he seeks leave to amend to add claims based on a different nucleus of operative facts, the Court must deny Plaintiff's request to amend.

7

## V. CONCLUSION

For the reasons discussed in this order, Plaintiff's Motions to Remand are denied, Plaintiff's Motion for Voluntary Dismissal is denied, and Defendant's Motions to Dismiss are granted.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 6th day of March, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE